# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-KA-01624-SCT

*MIKEAL RAY HOLLIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2019 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| TRIAL COURT ATTORNEYS: | CHRISTOPHER MORGAN POSEY |
| | JAMES EDWIN SMITH, III |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| |     GEORGE T. HOLMES |
| | MIKEAL RAY HOLLIS, PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ASHLEY L. SULSER |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/24/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     A jury convicted Mikeal Ray Hollis of possession of methamphetamine. The Circuit Court of Leake County sentenced him to three years in the custody of the Mississippi Department of Corrections, to pay a fine, and to complete long term drug and alcohol treatment. Hollis appeals. His appellate counsel found no arguable issues for appeal and filed a brief pursuant to ***Lindsey v. State***, 939 So. 2d 743 (Miss. 2005). Hollis filed a *pro se*

supplemental brief raising three issues. Hollis's arguments consist of vague allegations. Because there are no arguable issues that warrant supplemental briefing, we affirm.

**FACTS**

*A.      Evidence Adduced at Trial*

¶2.      Two deputies with the Leake County Sheriff's Department testified at Hollis's trial. Deputy Sheriff Jim Moore testified that, on the evening of April 30, 2018, he, along with Deputy Daniel Ogletree and Deputy Bryan Malone, set up a safety checkpoint at an intersection in Leake County. The deputies stopped every vehicle that traveled through the intersection and checked drivers' licenses and proof of insurance documents. When Hollis drove up to the checkpoint, Deputy Malone discovered that his drivers' license had expired, and he was directed to pull off to the side of the road. Hollis was asked to step out of his vehicle by one of the officers.

¶3.      Deputy Ogletree testified that he assisted Deputy Malone in searching Hollis's vehicle. He searched the passenger's side while Deputy Malone searched the driver's side. In the center console area, Deputy Ogletree found a clear plastic container with what he believed to be methamphetamine inside it. Deputy Ogletree directed Deputy Malone's attention to it, and Deputy Malone collected it. Deputy Ogletree testified that, at the sheriff's department, he assisted Deputy Malone with logging the item, and it was in substantially the same condition as when he had seen it inside Hollis's vehicle. Investigator Billy McMillan testified that evidence is kept inside a vault at the sheriff's department until it is sent to the crime laboratory. He testified that he transported the item found in Hollis's car from the

2

sheriff's department's evidence locker to the crime lab. Alison Conville, an analyst with the Mississippi Forensics Laboratory, testified that she tested the substance in the container and determined it to be .23 gram of methamphetamine. Two videos taken from Deputy Malone's body camera were played for the jury.

### B. Suppression Hearings and Confrontation Clause Objection

¶4. Two suppression hearings occurred during the trial out of the presence of the jury. At the first suppression hearing, Hollis moved to suppress the methamphetamine, asserting that the search of his car had been illegal. Deputy Ogletree testified that, after Hollis had stepped out of his vehicle, he patted him down for safety purposes. During the pat-down, Deputy Ogletree felt a bulge that he believed was consistent with a bag of marijuana. When asked about it, Hollis admitted it was marijuana. Deputy Ogletree removed the bag, and it appeared to him to contain marijuana. Deputy Ogletree testified that, because he had found marijuana on Hollis's person, they placed Hollis in handcuffs and performed a search incident to arrest and an inventory search of the vehicle before it was towed. The trial court found that the search was a proper inventory search and denied the motion to suppress.

¶5. At the second suppression hearing, the trial court considered Hollis's motion to suppress the methamphetamine because he claimed a break in the chain of custody. Hollis argued that the chain of custody had been broken when Deputy Malone, by himself, had transported the item found in Hollis's car to the sheriff's department. Because Deputy Malone had not testified at trial, Hollis argued that the State had failed to establish the chain of custody. The trial court denied the motion to suppress, finding that the State did not have

3

to provide testimony from everyone in the chain of custody and that there was no reasonable inference of tampering. *See **Deeds v. State***, 27 So. 3d 1135, 1142 (Miss. 2006).

¶6.    Hollis also made an objection under the Confrontation Clause of the Sixth Amendment to the United States Constitution because the State had not called Deputy Malone in its case in chief and, therefore, he was not subject to cross-examination. The State countered that there was no confrontation problem because it had not sought to admit any testimonial statements by Malone. The trial court overruled the objection and denied Hollis's motion for a directed verdict.

**DISCUSSION**

¶7.    In ***Lindsey***, this Court set forth a "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." ***Lindsey***, 939 So. 2d at 748. In that circumstance, "counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7)[.]" ***Id.*** In the brief,

> counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

***Id.*** Counsel must provide the client a copy of the brief and inform the client that counsel found no arguable issues and that the client has a right to file a *pro se* brief. ***Id.*** When this Court receives a ***Lindsey*** brief, we will review the record along with any *pro se* brief filed

4

by the defendant to determine whether any arguable issues exist. *Id.* If we identify any arguable issues, we will require appellate counsel to submit supplemental briefing on the issues. *Id.*

¶8. The brief submitted by Hollis's appellate counsel complied with *Lindsey*. Hollis filed a *pro se* supplemental brief consisting of two pages that provide the name of the case, the docket number, and a short paragraph on each of three listed issues. The State contends that this Court should not address Hollis's issues because his brief does not comply with Mississippi Rule of Appellate Procedure 28. As the State points out, our rules provide that "[t]he argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). Hollis's brief contains one case citation in his first argument and no citations of other authorities or the record. Moreover, his arguments are vague and ambiguous. Certainly, an appellant has a duty to support his arguments "with reasons and authorities." *Randolph v. State*, 852 So. 2d 547, 558 (Miss. 2002) (quoting *Alexander v. State*, 759 So. 2d 411, 418 (Miss. 2000)). But the State's argument that Hollis's *pro se* brief should not be considered at all fails to appreciate this Court's role under *Lindsey*, which is to review the record and the *pro se* brief to determine whether arguable issues exist that warrant supplemental briefing by appellate counsel. *Lindsey*, 939 So. 2d at 748.

¶9. We turn to the issues raised by Hollis. Hollis, citing *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), argues that his confrontation rights were violated because one of his accusers did not testify at the trial and because he was unable to

cross-examine the accuser. He complains also that an out-of-court statement was used against him. Hollis identifies neither the missing witness nor the out-of-court statement. At Hollis's trial, defense counsel made a Confrontation Clause argument based on the State's failure to present the testimony of Deputy Malone. Defense counsel questioned Deputy Ogletree about a report written by Deputy Malone, but the report was not admitted into evidence. The trial court found that Hollis's Confrontation Clause argument lacked merit because the State did not seek to admit any testimonial hearsay from Deputy Malone and, therefore, the Confrontation Clause did not apply. Under *Crawford*, the Confrontation Clause bars the admission of testimonial statements by a witness who does not testify at trial. *Conners v. State*, 92 So. 3d 676, 683 (Miss. 2012) (citing *Crawford*, 541 U.S. at 68). Because the State did not seek to admit any testimonial statements by Deputy Malone, we discern no arguable issue for supplemental briefing.

¶10. Next, Hollis claims that Deputy Ogletree testified that he destroyed evidence. The record shows that Deputy Ogletree testified that the video from his body camera was not retained and that it probably had been destroyed under a department policy mandating that body camera videos are not retained unless so requested. Deputy Ogletree explained that the arresting officer, Deputy Malone, would have filled out paperwork specifying which body camera footage to retain. "The State . . . has a duty to preserve evidence 'that might be expected to play a significant role in the suspect's defense.'" *Freeman v. State*, 121 So. 3d 888, 895 (Miss. 2013) (quoting *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528,

6

2532, 81 L. Ed. 2d 413 (1984)). This Court applies a three-part test to a claim of spoliation of evidence in a criminal case:

> (1) the evidence in question must possess an exculpatory value that was apparent before the evidence was destroyed; (2) the evidence must be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means; and (3) the prosecution's destruction of the evidence must have been in bad faith.

*Id.* (quoting *State v. McGrone*, 798 So. 2d 519, 523 (Miss. 2001); *Arizona v. Youngblood*, 488 U.S. 51, 57-58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988)). Hollis did not raise the issue of spoliation of evidence before the trial court. Therefore, the issue is procedurally barred. *Swinney v. State*, 241 So. 3d 599, 605 (Miss. 2018). Nothing in the record tends to show any of the three elements of a spoliation claim. Therefore, we find no arguable spoliation issue.

¶11.    Hollis argues also that a video shows a deputy searching a black bag located on the trunk of a patrol car. According to Hollis, one officer asks another, "where is the meth?" The other officer answers, "it's in his car." Hollis asserts that the admission of those statements violated his confrontation rights. The Court has viewed both videos admitted into evidence, and the events described by Hollis do not appear on either one. One of the videos was introduced by Hollis. The video introduced by the State shows the search of Hollis's car, the discovery of the methamphetamine, and Hollis inside the patrol car. We find no arguable issue.

¶12.    Lastly, Hollis complains of a conflict in the testimonies of Deputy Moore and Deputy Ogletree about which deputy handcuffed him. Conflicts in the evidence are for the jury to

resolve. ***Ware v. State***, 301 So. 3d 605, 613 (Miss. 2020) (quoting ***Little v. State***, 233 So. 3d 288, 292 (Miss. 2017)). There is no arguable issue here.

## CONCLUSION

¶13. Hollis's appellate counsel has filed a brief in compliance with ***Lindsey*** asserting that Hollis's case presents no arguable issues for appeal. This Court has identified no arguable issue either in the record or raised by Hollis's *pro se* brief that would warrant supplemental briefing. Therefore, we affirm.

¶14. **AFFIRMED.**

      **RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**